**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| UNITED WHOLESALE MORTGAGE, LLC, <br> *Plaintiff,* <br><br> v. <br><br> KENNETH WRIGHT A/K/A KENNETH LEE WRIGHT, JR., *and* THE UNITED STATES OF AMERICA, <br> *Defendants.* | § § § § § § § § § § § | *Civil Action No.* <br><br> _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

The above-captioned plaintiff complains of the herein-named defendants, stating as follows:

### I.    JURISDICTION AND VENUE

1.    The plaintiff predicates this Court's jurisdiction under 28 U.S.C. § 1331 and the claims it makes herein against an agency and/or officer of the United States of America under 28 U.S.C. § 2410.

2.    The object of the plaintiff's claims is certain real property situated in Fulton County, Georgia.  Venue is thus proper in this district and division.

## II.    PARTIES

3.    The plaintiff is United Wholesale Mortgage, LLC (the "Plaintiff"). Plaintiff may be served with all pleadings, discovery, or other communications related to the above styled and numbered cause through its undersigned counsel of record.

4.    Defendant Kenneth Wright, a/k/a Kenneth Lee Wright, Jr. (hereinafter "Defendant Kenneth Wright") is an individual and may be served with process at 4627 Lanark Drive Southwest, Atlanta, Georgia 30331, or wherever they may be found.

5.    Defendant the United States of America may be served with process in accordance with Federal Rule of Civil Procedure 4(i).

## III.    BREACH OF CONTRACT

6.    On or about March 5, 2024, Defendant Kenneth Wright made, executed and delivered that one certain note, in writing, a true and correct copy of which is attached hereto and incorporated herein for all purposes as **Exhibit No. 1** (the "Note").

7.    On or about March 5, 2024, Defendant Kenneth Wright made, executed and delivered that one certain security deed to secure the Note with the real

property and improvements thereon located at 4627 Lanark Drive Southwest, Atlanta, Georgia 30331 (the "Property").  A true and correct copy of said security deed, along with any related instruments or modifications thereof, is or are attached hereto and incorporated herein for all purposes as **Exhibit No. 2** (the "Security Deed").  The Property is described with particularity in the Security Deed.  By executing the Security Deed, Defendant Kenneth Wright granted a lien on and recourse to the Property for breach thereunder.

8.    Plaintiff is the assignee of the Security Deed under that certain assignment, a true and correct copy of which is attached hereto and incorporated herein for all purposes as part of the aforementioned Exhibit No. 2.

9.    The obligation evidenced by the Note and the Security Deed will sometimes hereinafter be referred to as the "Loan."

10.    Plaintiff has performed its obligations as required by the Loan, yet there has been a default under the terms of the Loan due to a failure to make the payment due on or about January 1, 2025, as well as all subsequent payments.  To Plaintiff's detriment, Defendant Kenneth Wright has failed and refused to pay amounts that have come due under the Loan.

11.    Plaintiff duly notified all parties so entitled of said default and its intent to accelerate the indebtedness via letter, a true and correct copy of which

describing said default with particularity is attached hereto and incorporated herein for all purposes as **Exhibit No. 3** (the "Notice of Default").

12.   Said default persists.  The continued breach under the Loan has directly and proximately caused damage to Plaintiff in that amounts due to Plaintiff remain unpaid and in that Plaintiff is incurring expenses to enforce its rights under the Loan and protect its interest in the Property.  Plaintiff therefore declares the entire balance owed under the Loan due and payable.  Plaintiff's records reflect that the entire balance due and payable under the Note and secured under the Security Deed is at least $560,965.37 as of and through March 6, 2026.

13.   The terms of the Loan require that it be repaid in installments.  Such promise was breached to the detriment of Plaintiff.  Plaintiff is thus entitled to judgment for all amounts due under the Loan (including, principal, pre-judgment interest, reasonable attorneys' fees and expenses, advances, costs and post-judgment interest) to be charged to the Property, and judgment for judicial foreclosure upon the lien against the Property securing such amount.

### IV.   TITLE INTEREST DEFENDANT

14.   Defendant the United States of America through its officer the Secretary of Housing and Urban Development claims an interest in the Property under that

one certain instrument, a true and correct copy of which is attached hereto and incorporated herein for all purposes as **Plaintiff's Exhibit No. 4**. "[T]he United States may be named a party in any civil action or suit in any district court, or in any state court having jurisdiction of the subject matter . . . to foreclose a mortgage or other lien upon . . . real property on which the United States has or claims a mortgage or other lien." 28 U.S.C. 2410(a). Section 2410 both creates a right of action and waives sovereign immunity. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 317 n.4, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005). The United States of America's interest in the Property is subject to and/or inferior to Plaintiff's interest in the Property under the Security Deed. Plaintiff thus seeks judgment as to the United States of America that its interest in the Property under said instruments be extinguished via the herein sought judicial foreclosure sale, subject of course to the right to surplus proceeds and the right to otherwise enforce said instruments.

## V.   ATTORNEYS' FEES

15.   Pursuant to the terms of the Security Deed, Plaintiff is entitled to recover its attorneys' fees and court costs incurred in prosecuting this action. Plaintiff therefore seeks to recover its reasonable and necessary attorneys' fees and court

costs, to be charged to the Property.

## PRAYER

WHEREFORE, Plaintiff prays that this Court:

a)      enter a judgment foreclosing the defendants' interest in the Property;

b)      award Plaintiff its costs and attorneys' fees in connection with this action, as provided for in the Security Deed; and

c)      award to Plaintiff such additional relief as it may deem proper.

RESPECTFULLY SUBMITTED on this 2nd day of March 2026.

**PADGETT LAW GROUP**

*/s/ Devon Reeves*
Devon Reeves, Georgia Bar No. 805635
Thomas Sears, Georgia Bar No. 633810
3490 Piedmont Road NE, Suite 1475
Atlanta, Georgia 30305
850-422-2520 (telephone)
850-422-2567 (facsimile)
Devon.Reeves@padgettlawgroup.com
Tom.Sears@padgettlawgroup.com
GAattorney@padgettlawgroup.com
*Counsel for the Plaintiff*